MARY L. PARKHURST, Appellant, *v.* EDWARD HIGGINS and MARGARET HIGGINS, Respondents.

*Evidence — declarations of a mortgagee as to the consideration of the mortgage — admissibility of such declarations as against his assignee.*

Appeal from a judgment in favor of the defendants, entered on the report of a referee.

This action was brought to foreclose a mortgage upon about twenty acres of land in the town of Elma, Erie county, executed by the above named defendants, to Caleb D. Higgins, dated the 2d day of April, 1870, conditioned for the payment of the sum of $2,500, in one year from date, which sum was stated in the mortgage to be for the purchase-money of the premises therein described. The mortgagee died on the 28th of February, 1873, leaving a will by which the said mortgage was bequeathed to his widow, Mary Higgins, and she died on the 16th of February, 1882, leaving a last will and certain codicils containing certain directions and bequests relating to said mortgage, by virtue of which the said plaintiff, Mary L. Parkhurst, as residuary legatee, became entitled to the same, and in pursuance thereof the executor named in said will subsequently assigned the said mort-

gage to the plaintiff as such residuary legatee, no money considera-
tion moving from the plaintiff to the executor for such assignment.
The defendant Margaret Higgins, is the wife of the defendant
Edward, and the said mortgagee Caleb D. Higgins, was his elder
brother. The referee found that there was no consideration for
the execution or delivery of said mortgage, and that the same
was not executed or delivered for the purpose of securing any
sum whatever to the said Caleb; that at the time of the exe-
cution and delivery thereof, it was agreed by Caleb and Edward
that as between them said mortgage should have no validity or effect,
and that Caleb should never collect the same or any part thereof, and
that it was never his intention to do so; that the amount stated in
said mortgage as the sum secured thereby was fixed at $2,500,
for the purpose of having it appear that said premises were incum-
bered for their full value, in case Edward should attempt to sell,
dispose of or incumber the same, and for no other purpose, and the
same was so understood by Edward and Caleb at the time of the
execution and delivery of said mortgage. The referee further
found that nothing whatever was due to the plaintiff upon the
mortgage.

The court, at General Term, after considering other questions,
said: " Testimony was given on the part of the defendants, of decla-
rations made by Caleb Higgins at the time of the execution of the
mortgage, and also prior and subsequent thereto, with reference to
the object, purpose or consideration of the mortgage. The plain-
tiff's counsel objected to proof of any declaration not amounting to
an agreement between the parties, as immaterial; also to any parol
proof on the part of the defendants to contradict the mortgage, and
also to any declarations of the mortgagee against the plaintiff.
These objections were overruled and the plaintiff's counsel excepted.
We think there was no error in the rulings. It was competent to
show by parol the actual purpose and consideration of the mort-
gage and the fact that it was without consideration. (*Anthony* v.
*Harrison*, 14 Hun, 217; S. C., affirmed, 74 N. Y., 613; *Cady* v. *Jen-
nings*, 17 Hun, 214; *Produce Bank* v. *Bache*, 30 id., 351.) The
declarations of the mortgagee on that subject were properly received
as against the plaintiff, the latter not being a purchaser for value,
but her claim being merely as a privy by representation through

the mortgagee. (*Ivat* v. *Finch*, 1 Taunt., 141; *Smith* v. *Smith*, 3 Bing. [N. C.], 29; 1 Gr. Ev., § 189; *Von Sachs* v. *Kretz and ors.*, 72 N. Y., 548.) The plaintiff not being a purchaser for value, the declarations of the mortgagee were admissible the same as if the mortgagee were living and prosecuting the present action, in which case his declarations tending to show that the mortgage was without consideration would be admissible if made at the time of the execution of the mortgage, or while the parties to it were negotiating in respect to it, or at any time subsequent thereto, the mortgagee continuing to hold the mortgage till the time of his death.

"In *Paige* v. *Cagwin* (7 Hill, 361), and other like cases, the party against whom the declarations of the prior holder were offered was a purchaser for value.

"The case of *Hutchins* v. *Hutchins* (98 N. Y., 56), cited by the appellant's counsel, seems to be an authorirty for the position that the declarations of a former owner of property made by him to a stranger, before or after the time when he held title, do not bind his successor in interest, even where such successor is not a pur chaser for value. In that case, the declarations of a grantee in a deed in fee were offered to show that it was the intention of the parties that such grantee should acquire no rights under the deed, or that he should reconvey on request of the grantor without consideration. It was held that parol evidence was inadmissible for that purpose, and particularly evidence of declarations made by the grantor, to a stranger, before he acquired title to the property, as to his intention and motive in acquiring it. In the present case, however, as we have seen, it was competent to show by parol that the mortgage was without consideration. The only declarations made by Caleb, prior to his purchase of the farm, proved in the case, so far as we have discovered, were declarations made by him to Edward and his wife, or to Edward alone, when they were negotiating as to the terms of the arrangement by which the property should be secured to Edward as a home for himself and his wife. The case of Hutchins is not an authority against the admission of those declarations, and we think they were properly received.

"Certain declarations made by the wife of Caleb, before she became the owner of the mortgage, were objected to. They, how-

ever, were parts of a conversation between her and her husband
while he owned the mortgage, and were necessary to show the
meaning of what was said by him in the conversation."

*Ford & Ferguson,* for the appellant.

*Tabor & Sheehan,* for the respondent.

Opinion by SMITH, P. J.; BARKER and BRADLEY, JJ., concurred.
Judgment affirmed, with costs.